**Ravinder SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72119.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2009.*

Filed March 17, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vinay R. Chari, Esq., Law Offices of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sheila K. Oberto, Esq., Office of the U.S. Attorney, Fresno, CA, Kristin K. Edison Fax, Michelle G. Latour Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM **

Petitioner Ravinder Singh, a native and citizen of India, seeks review of the decision of the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ"). The IJ made an adverse credibility finding and thus concluded that Singh had failed to meet his burden of proof on his applications for asylum, withholding of removal, and relief under the Convention Against Torture.

The facts of this case are familiar to the parties, and we do not repeat them here. We review adverse credibility findings under the substantial evidence standard. Thus, the findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because Singh's petition was filed before the REAL ID Act came into effect, it is governed under pre-REAL ID Act credibility standards. Thus, the IJ could only base his adverse credibility determination on testimonial inconsistencies if these inconsistencies go to the heart of Singh's claim. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004).

At least one of the inconsistencies identified by the IJ goes to the heart of Singh's asylum claim, and this is enough to deny Singh's petition. *See Li,* 378 F.3d at 964 ("[S]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." (internal quotation marks and alterations omitted)).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Affidavits submitted in support of Singh's asylum claim, and Singh's initial asylum application, indicated that he had been detained by the police "many" times. Singh admitted in the merits hearing before the IJ, however, that he was only arrested by the police once (and beaten one other time). Because the question of whether Singh was often arrested and tortured by the police is central to his asylum claim, the record provides substantial evidence supporting the IJ's credibility determination.

PETITION DENIED.